AUGUSTA OLIVER, ROBERT TALBOT AND PATRICK J.
O'CONNELL, PROSECUTORS, v. BERT DALY, HARRY
HOSFORD, W. HOMER AXFORD, ROBERT J. TALBOT
AND PATRICK J. O'CONNELL, BOARD OF COMMIS-
SIONERS OF THE CITY OF BAYONNE, AND THE CITY
OF BAYONNE, DEFENDANTS.

Submitted June 9, 1925—Decided January 28, 1926.

Municipalities — Commission Government — When a Commis-
sioner Has Been Assigned to a Department He Cannot, by
a Vote of a Majority of the Commissioners, be Turned Out
of the Department or Have the Powers and Duties of That
Department so Curtailed as to Make the Commissioner a
Mere Figure Head—The Purposes of the Commission Gov-
ernment Act Would Not be Accomplished if a Majority of
Commissioners Could Deprive the Other Commissioners of
the Powers and Duties of Their Respective Departments.

On writ of *certiorari*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutors, *Gross & Gross* (*Isaac Gross,* of coun-
sel).

For the defendants, *James Benny.*.

PER CURIAM.

This case is before us upon a writ of *certiorari* directed to
the board of commissioners of the city of Bayonne and the
city of Bayonne.    The prosecutors of the writ are two of
the board of commissioners—Robert J. Talbot, mayor of
Bayonne, and Patrick J. O'Connell, director of parks and
public safety.    The writ brings up for review the validity of
six resolutions passed by the board of commissioners on
December 2d, 1924, by a vote of three to two.    The prose-
cutors cast the two negative votes.

On April 23d, 1915, the city of Bayonne assumed a new municipal raiment. On that day a board of five commissioners, elected under the provisions of the Walsh act, were inducted into office. The powers and duties of the respective departments were determined by appropriate resolutions. Each commissioner was assigned to a department. Four years passed and a new board of commissioners was elected. On November 25th, 1919, the members of the new commission were assigned to the different departments to assume the duties as previously outlined in 1915 for each department. On May 15th, 1924, when another board took control, resolutions were adopted designating Robert J. Talbot as mayor. He thereby was assigned to the department of public affairs. Patrick J. O'Connell was assigned to the department of public safety. Previous to the retirement of the old board of commissioners they had met and selected fifty-one new policemen and firemen. This action was questioned and reviewed. Mayor Talbot was opposed to this action of the old board of commissioners and refused to sign checks for the payment of salaries to the new policemen and firemen. This resulted in the board of commissioners passing the resolutions under review, which stripped Mayor Talbot of all his powers and duties, excepting his duties in connection with the Free Public Library of the city of Bayonne. A like fate met Commissioner O'Connell. They applied for and obtained a writ of *certiorari* to review this action. The prosecutors contend that the resolutions are illegal. The Commission Government act provides that the board of commissioners shall determine the powers and duties to be performed by each department, and shall assign commissioners to the appropriate departments. The act specifies the departments. The object of the Commission Government act was to procure a form of government for municipalities in which politics would be, as far as possible, eliminated. The act was intended to give considerable latitude and discretion to each of the heads of the departments in the conduct of the affairs of that department, without

6

interference of other commissioners. The purpose of this act would not be accomplished if three commissioners could at any time deprive the other two commissioners of substantially all the duties and powers of the departments to which they had been assigned. The resolutions under review unquestionably do this. In our opinion they are illegal. This view finds support in several cases. In the case of *Woolley* v. *Flock,* 92 *N. J. L.* 65, it was held that the office of presiding officer of the board of commissioners, and as such mayor and director of the department of public affairs, was for a fixed term of four years, and not merely at the will of the board of commissioners. While this case might not be considered identical with the one under review, yet the basic principle is the same. When a commissioner has been assigned to a department he cannot, by a vote of a majority of the commissioners, be turned out of that department or have the powers and duties of the department so curtailed as to make the commissioner a mere figurehead. The case of *Hendee* v. *City of Wildwood,* 96 *Id.* 286, is a case in point. In this case Commissioner Hendee was duly chosen as mayor of Wildwood. This made him director of the department of public affairs. The other two commissioners (this being a city governed by three commissioners) endeavored to combine "public safety" with "revenue and finance," which took the police department out of the hands of the mayor. The resolution seeking to accomplish this was set aside by this court in *certiorari* proceedings. The judgment of the Supreme Court was affirmed by the Court of Errors and Appeals.

The resolutions in question are illegal and are set aside.