SAMUEL COMLY, PROSECUTOR, v. ATLANTIC CITY ET AL., DEFENDANTS.

Argued October 6, 1926—Decided January 25, 1927.

**Municipalities—Walsh Act—Assignment of Commissioners to the Several Departments—Police Department Alleged Not to be a Proper Assignment to Department of Public Affairs, but Should be Assigned to Department of Public Safety— Under the Bayonne Case it was so Held, but the Application in That Case was Properly Made—Prosecutor is in Laches Here.**

On rule to show cause why writ of *certiorari* should not be allowed.

Before Justices PARKER, BLACK and CAMPBELL.

For the rule, *Clarence L. Cole*.

Opposed, *Joseph B. Perskie*.

PER CURIAM.

Atlantic City is governed under the Walsh act. On May 20th, 1924, a new board of commissioners was inducted into office, and that board proceeded, as provided by law, to assign the several commissioners to departments and prescribe their powers and duties. Among other resolutions then adopted was one determining the powers and duties of the director of public affairs and the present prosecutor desires to have this reviewed and if possible set aside on the ground that to the director of public affairs is assigned the supervision and direction of the police department, and that this is not an "appropriate" assignment in the intendment of the statute.

It will be observed that no member of the board is making this objection, but it comes solely from one claiming to be a citizen and taxpayer, and after the lapse of more than two years since the passage of the resolution, during which time it is to be presumed that the governmental machinery has become fully adjusted to the situation created on May 20th, 1924.

Since the present rule to show cause was made the Court of Errors and Appeals has decided the case of *Oliver* v. *Daly*, 4 *N. J. Adv. R.* 1833, in which it is intimated that the appropriate department for the police is that of public safety; and it may be that if the question had been raised promptly after the adoption of the resolution we should be obliged to follow the opinion of the appellate court. The question was promptly raised in the Oliver case; the resolution in that case was passed December 2d, 1924, and the *certiorari* was argued at May term, 1925 (131 *Atl. Rep.* 678), but when, as in this case, so long a delay has ensued, a writ should be denied on the ground of laches, as in *O'Connell* v. *Bayonne*, 4 *N. J. Adv. R.* 1538.

*Allocatur* is therefore denied and the rule to show cause is discharged, with costs.